IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

NORMAN K. PHILLIPS,                          )
and DEBORAH L. PHILLIPS,                      )
                                             )
          Plaintiffs,                        )     TC-MD 120496C
                                             )
     v.                                      )
                                             )
LANE COUNTY ASSESSOR,                        )
                                             )
          Defendant.                         )     **DECISION**

Plaintiffs appealed from Defendant's forestland special assessment disqualification for

the 2012-13 tax year on property identified in the assessor's records as Account 0733533

(subject property). The court discussed the appeal with the parties during a case management

hearing held July 2, 2012. Plaintiffs appeared on their own behalf. Defendant was represented

by Dave W. Evans, a farm/forest appraiser with the Lane County Assessor's office. The parties

agreed to the relevant facts and asked the court to make a decision on two narrow legal questions

set forth below.

## I.  ISSUES

There are two issues in this case:  1) whether Defendant erred in disqualifying Plaintiffs'

property from forestland special assessment under the rationale that ORS 308A.256[1] requires one

acre to be subtracted from the total amount of property in determining whether the OAR 150-

321.358(4)(3)[2] two-acre-minimum requirement is satisfied; and 2) whether Defendant lawfully

and correctly imposed a five-year property tax rollback upon disqualification according to

ORS 308A.703(3)(d)(B).

_____

[1] All references to the Oregon Revised Statutes (ORS) are to the 2011 edition.

[2] All references to the Oregon Administrative Rules (OAR) are to the rules in effect in 2012.

## II. STATEMENT OF FACTS

The parties agree that Plaintiffs own 2.87 acres of land in Lane County, Oregon, that they purchased in August 1997. The subject property "is zoned RR10 for rural residential development."[3] (Def's Ans at 3.)

The parties agree that Plaintiffs maintain more than two acres of trees of a marketable species on the property, for the predominant purpose of growing and harvesting the trees. The parties also agree that the trees meet OAR 629-610-0020 stocking requirements set by the state forester.

The property was approved for designated forestland special assessment sometime prior to 1995. There was a single-family dwelling on the property at the time the property was approved for special assessment.[4] That dwelling is still on the property and occupied by Plaintiffs. The parties agree the home was built in 1964.

A farm/forest clerk working in the assessor's office "discovered" that there was a "1 acre homesite" on the property, and concluded that there were only 1.87 acres available for forestland. (Def's Ans at 3.) On April 16, 2012, Defendant sent Plaintiffs a Corrected Letter of disqualification indicating that 1.87 acres of land were disqualified from forestland special assessment. (Ptfs' Compl at 3.) Plaintiffs timely appealed to this court.

The disqualification notice states that notification is given "[i]n compliance with ORS 308A.718 and 308A.724." (Ptfs' Compl at 3.) The notice states that under "OAR 150-321.358(4) you must have a minimum of 2 acres of forestland in order to qualify for Designated

---

[3] The property is not zoned for forest use.

[4] It appears that the special assessment approval was given sometime after an initial rejection in 1971. Plaintiffs have the original application, filed by a prior owner, dated March 31, 1971, and stamped as "Received" by the assessor's office April 1, 1971. The application indicates that the property is 2.87 acres in size. On the back of the application there is a small drawing that depicts the home.

Forestland Deferral. * * * [Y]our property has less than the 2 acre minimum of contiguous trees and no ownership of contiguous properties with Forestland special assessment to qualify." (*Id*.)

Plaintiffs challenge Defendant's rationale for disqualifying the subject property from designated forestland special assessment. Defendant disqualified the property based on a determination that the minimum acreage requirements were not met. Defendant expanded on its rationale both in a narrative attached to its Answer and during the court proceeding in the matter, asserting that OAR 150-321.358(4) contains a two-acre minimum for forestland special assessment and that, "for the establishment of a homesite on specially assessed land, at <u>least one acre of land</u> is to be used for a homesite." (Def's Ans at 3.) (Emphasis in original.)

Plaintiffs argue that ORS 308A.256(4) exists only "[f]or the purposes of establishing a value for the [homesite]. It does not state that the one acre is to be subtracted from the total considered for [forestland]." (Ptfs' Compl at 2.) Plaintiffs also object to Defendant's imposition of the five-year property tax rollback imposed at the time of disqualification on one of two grounds. Plaintiffs further argue either that Defendant shares some fault in this matter because Defendant initially granted special assessment in error (because of the existence of the home when the property was originally granted special assessment, and Defendant's position on the minimum two acre requirement), or that there was some change in the law since the original grant of special assessment, and because they have not done anything to change the use of the property since their acquisition in 1997, it is unfair to make them pay what amounts to a five year "penalty."

As indicated above, Defendant answered Plaintiffs' Complaint by arguing that:

"[the county] is not offering an opinion on whether or not more than 1.87 acres of the subject property may meet the basic stocking and species requirements to qualify as DFL [(Designated Forestland)] as stated by the plaintiffs * * * [because] that is not the issue. Rather, (1), given the two acre minimum required

in OAR 150-321.358(4) and, (2), under ORS 308A.250 through 308A.259—the Homesite Statutes—for the establishment of a homesite on specially assessed land, <u>at least one acre of land</u> is to be used for a homesite."

(Def's Ans at 3) (Emphasis in original.)  Defendant argues that the applicable statutory requirements found in ORS 308A.250 through 308A.259 require disqualification of the subject property from forestland special assessment because the qualifying forestland acreage falls below the two acre minimum provided in OAR 150-321.358(4) after one acre is removed from Plaintiffs' total 2.87 acres of land due to the minimum one acre homesite requirement found in ORS 308A.256(4).  (*Id.*)

Additionally, Defendant argues that Plaintiffs' interpretation of the "Homesite Statutes" is flawed because if Defendant did not abide by ORS 308A.256(4), requiring that one acre of land be valued as a homesite, it would be administratively impossible to value the component parts of the account.  (*Id.*)  Defendant cites *Redmond v. Hood River County Assessor (Redmond)*, TC-MD No 081073C, WL 500571 (Feb 26, 2009), as support for "the use and valuation of one acre as a homesite * * * under ORS 308A.253 and 308A.256."  (*Id.*)

Defendant also takes issue with Plaintiffs' objection to the imposition a five-year property tax rollback upon disqualification.  Defendant cites ORS 308A.703(2) to support its assertion that the rollback tax is a mandatory directive to the assessor due to the statute's phrasing, which provides in relevant part:  "[f]ollowing a disqualification * * * an additional tax <u>shall be</u> added to the tax extended against the land on the next assessment and tax roll * * *." (*Id*. at 4) (Emphasis in original.)

### III.  ANALYSIS

Plaintiffs have the burden of proof, and "a preponderance of the evidence shall suffice to sustain the burden of proof.  The burden of proof shall fall upon the party seeking affirmative

relief * * *." ORS 305.427. As the party seeking affirmative relief, Plaintiffs must persuade the court by a preponderance of the evidence that Defendant erred in disqualifying the subject property from the designated forestland special assessment, and if the disqualification is upheld by this court, that the imposition of the additional back taxes was improper.

This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971) (citation omitted); see also *Schaefer v. Dept. of Rev.*, TC No 4530, WL 914208 at *2 (July 12, 2001) (citation omitted) (stating that a preponderance of the evidence means "the more convincing or greater weight of evidence.").

There is no dispute that for many years the subject property has been specially assessed as designated forestland. In the Attachment to Defendant's Answer, Defendant cites the "[Farm and Forest] Homesite Statutes" (ORS 308A.250 through 308A.259) as support for its proposition that one acre of land must be removed from the total forestland acreage for valuation as a homesite. The subject property's total acreage is only 2.87 acres, and once reduced by one acre, drops below the two acre minimum, and, from Defendant's prospective, the remaining 1.87 acres of designated forestland must be disqualified from the special assessment. The court disagrees.

The court finds that Defendant erred in disqualifying the subject property from forestland special assessment because its insistence on a minimum one acre homesite for homes on specially assessed land is misplaced. The court believes that the misunderstanding stems from a failure to distinguish between the purposes of ORS Chapter 321, which govern the taxation, valuation, and special assessment of timber and forestland, and ORS Chapter 308A, which deals primarily with farm use special assessment (although certain provisions in that chapter do address forestland).

ORS 321.257(2) defines forestland for purposes of Western Oregon forestland special assessment as "land in Western Oregon that is being held or used for the predominant purpose of growing and harvesting trees of a marketable species [that] has been designated as forestland." Land is designated as forestland under the provisions of ORS 321.257 to ORS 321.390 based upon the assessor's approval of an application filed by the landowner as provided in ORS 321.358. Subsection (4) of that statute provides that the "assessor shall approve an application for forestland designation if the assessor finds that the land is properly classifiable as forestland." However, "[t]he county assessor shall not find land properly classifiable as forestland if * * * the land does not substantially meet minimum stocking or acreage requirements *under rules adopted by the department*." ORS 321.358(4)(b) (emphasis added).

The department adopted a rule which provides, among other things, that the minimum acreage requirements for designated forestland and Western Oregon is two acres. OAR 150-321.358(4)(3). The rule reads: "[t]o qualify, the area to be designated must be at least two contiguous acres in one ownership." The parties do not dispute that the subject property has at least two contiguous acres of land that meet the minimum stocking requirements. Nor is there any dispute about whether Plaintiffs' property meets the definition of "forestland" as set forth in ORS Chapter 321; specifically, as is relevant to this case, that the land "is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland." ORS 321.257(2). Accordingly, the portion of the subject property on which trees of a marketable species are growing qualifies for Western Oregon forestland special assessment, and Defendant erred in disqualifying that property.

The one acre homesite requirement imposed by Defendant is found in ORS 308A.250 through ORS 308A.259. The specific one acre reference is found in ORS 308A.256(4). Those

statutory provisions, however, are inapplicable to this case because the purpose of those statutes is to provide for the special assessment of the land under the dwelling. ORS 308A.253(1) (" [l]and under a dwelling that is used * * * shall qualify for special assessment under ORS 308A.256"). Special assessment translates to a lower value and lower taxes. However, that lower specially assessed value requires the owner(s) to file an application with the county assessor, per ORS 308A.253(7)(a), and obtain the assessor's approval. Moreover, the benefits are contingent upon the owner meeting the more stringent requirements for special assessment of the land under and around the home. Among those stricter requirements are that the owner have a minimum of more than 10 acres of land, that the land be zoned for forest use, and that the land under the dwelling be used "in conjunction with the activities customarily carried on in the management and operation of forestland held or used for the predominant purpose of growing and harvesting trees of a marketable species * * *." ORS 308A.250(2); ORS 308A.253(1). If the owner applies and the assessor approves the application, the land under the home is entitled to special assessment. There is no indication in the facts of this case to show that there was an application for special assessment of a homesite, or that the homesite was properly (*i.e*., legally under the applicable statutes) specially assessed (if, in fact. the homesite was or is specially assessed).

Defendant is concerned that a determination by the court that the statute does not "require[] the use of one acre for a homesite where the value of one acre is to be used for *this purpose*," would create an administrative impossibility because the assessor would be unable to "manage the valuation of an account without specifying and identifying the various component parts[.]" (Def's Ans at 3) (Emphasis added.) Defendant's concern is unwarranted for the simple reason that, because there is no homesite special assessment, the portion of the subject property

that is not qualified for forestland special assessment (the land under and around Plaintiffs' home that is not part of their forestland – their "yard") is valued as other non-specially assessed land pursuant to ORS 308.205 and other related statutes in that chapter (*e.g.*, ORS 308.210; ORS 308.215; ORS 308.219; ORS 308.232; ORS 308.233; ORS 308.235, etc.).

Defendant relies on *Redmond* as support for applying ORS 308A.256 to Plaintiffs' total acreage to remove one acre of land for the valuation of the homesite. *Redmond* is inapposite because that case dealt with non-exclusive use farmland used to raise cultured Christmas trees and grapes that was specially assessed according to the "Farm Use Special Assessment" provisions found at ORS 308A.050 to ORS 308A.128. The definition of "farm use" specifically excludes "the use of land subject to * * * forestland taxation under ORS chapter 321," and the exceptions noted for ORS 321.267(3) and ORS 321.824(3) are inapplicable to this case. ORS 308A.056(2).

Additionally, *Redmond* not only involved a different zoning classification than the case at hand (farm use versus rural residential, respectively), *Redmond* dealt with the conversion of specially assessed farm land into land used for a dwelling; the case at hand does not share those facts. More to the point, the court in *Redmond* did not apply the ORS 308A.256 one acre subtraction rule for valuation as a mechanism to disqualify the entire remaining acreage because it fell below the OAR 150-321.358(4) two acre minimum rule for forestland, as Defendant did for the subject property in this case. *Redmond* is fundamentally different because it involved a homesite qualifying for special assessment, and the case before the court involves a non-qualifying homesite that is subject to a different method of valuation.

This case is about property that was specially assessed in the distant past because it met the minimum stocking requirements, and is being held for the predominant purpose of growing

and harvesting trees of a marketable species that apparently met all of the requirements set out in the current law that allowed the assessor to designate the property as forestland. Under ORS 321.359(1)(a), the specially assessed land retains that designation until the assessor lawfully removes the forestland designation according to ORS 321.359(1)(b).

This court finds that Defendant erred when it disqualified 1.87 acres of the subject property because Defendant believed the land was no longer forestland. Because Defendant erred in its disqualification of the subject property, the court need not address Plaintiffs' second issue regarding the five-year property tax rollback.

## IV. CONCLUSION

Plaintiffs proved by a preponderance of the evidence that Defendant erred when it disqualified the subject property, identified as Account 0733533, from forestland special assessment by incorrectly applying ORS 308A.256 to remove one acre from the subject property's total acreage. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted.

Dated this ____ day of September 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on September 4, 2012. The Court filed and entered this document on September 4, 2012.*